DONALD H. CRAM, III (State Bar No. 160004)
KATRINA V. STOLC (State Bar No. 226557)
MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 677-5536
Facsimile: (415) 677-5664
e-mail: dhc@severson.com

Attorneys for Creditor
WFS FINANCIAL, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re
RHONDA PATRYCE FIELDS,

    Debtor(s).

Case No. 06-41890-EDJ

Chapter 13

Date:
Time:
Judge: Hon. Edward D. Jellen
Place: 1300 Clay Street
       Room 215
       Oakland, CA 94612

**OBJECTION OF WFS FINANCIAL, INC. TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

WFS Financial, Inc. (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2004 Kia Optima, Vehicle Identification No. KNAGD128145277922 (hereinafter "Vehicle") pursuant to a Motor Vehicle Contract & Security Agreement dated 3/12/2004 (hereinafter "Contract"), entered into between

Debtor and Secured Creditor's predecessor-in-interest ("Dealer"). A true and correct copy of the Contract is attached hereto as <u>Exhibit A</u>. Upon execution of the Contract Debtor was obligated to pay Secured Creditor $11,387.43 at an annual percentage rate of 4.75% over 66 monthly payments of $196.78.

The net payoff under the Debtor's Contract, as of the petition date, was $7,221.69 and the Debtor's Plan proposes to value the Vehicle at $5,000.00, payable at 8.00% with a monthly payment of $50.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that paying only $5,000.00 towards Secured Creditor's claim on the Vehicle fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). Section 506(a) provides that value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of the kind considering the age and condition of the property at the time value is determined. 11 U.S.C. §506(a)(2).

The Kelley Blue Book retail value is $14,795 for a vehicle of like make, model, and condition. A copy of the applicable Kelley Blue Book printout is attached hereto as <u>Exhibit B</u>. In this case, the type of Debtor and nature of the collateral point to the Kelley Blue Book as the best indicator of the Vehicle's replacement (market) value. The Debtor is an individual who proposes to retain the Vehicle for personal use. The Debtor's replacement (market) value of the Vehicle will be determined by the retail market places where individuals purchase automobiles for such personal use. Secured Creditor contends that the Kelley Blue Book retail value, which is $14,795 for this Vehicle, supplies the best evidence of such market place. Therefore, in order to confirm the Plan over Secured Creditor's objection, the Plan must provide for a collateral value of Secured Creditor's claim in the full amount of $7,221.69.

# THE PLAN'S PROPOSED INTEREST RATE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the 8.00% interest scheduled to be paid towards Secured Creditor's claim on the Vehicle is in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). In a recent ruling by the Supreme Court, the court held that §1325(a)(5)(B) does not require that the terms of the cram down loan match the terms to which the debtor and creditor agreed prebankruptcy, nor does it require that the cram down terms make the creditor subjectively indifferent between present foreclosure and future payment." *Lee M. Till et ux. v. SCS Credit Corporation, 124 S.Ct. 1951* (2004). The court ruled that the formula approach is the correct method for determining the cram down rate of interest on the secured value of a vehicle being paid through a Chapter 13 Plan. This approach looks to the national prime rate and requires the bankruptcy court to adjust this rate upwards to compensate the creditor for the "greater risk of nonpayment" bankruptcy debtors frequently pose. The factors to review in determining the adjustment to the national prime rate of interest include the estate's circumstances, the security's nature, and the reorganization plan's duration and feasibility.

In this particular case, the Vehicle is a rapidly depreciating asset. Secured Creditor requests that the Court's formula approach should look to the national prime rate, which was 8.25% at the time of Debtor's petition, and adjust that rate upward by at least 3% in order for Secured Creditor to receive 11.25% interest on its claim. This prime-plus rate of 11.25% would compensate Secured Creditor for the greater risk of nonpayment that Debtor now poses.

# THE PLAN'S PROPOSED MONTHLY PAYMENT FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(iii)

Secured Creditor objects to confirmation of Debtor's Plan on the grounds that the proposed monthly payment of $50 fails to adequately compensate or protect Secured Creditor from the monthly depreciation of the Vehicle over the life of the Plan and therefore, the Plan fails to provide for the present value of Secured Creditor's claim as required by 11 U.S.C. § 1325(a)(5)(B)(iii).

With respect to each allowed secured claim provided for by the plan;

(iii) if –

    (I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

    (II)    the holder of such claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

11 U.S.C. §1325(a)(5)(B)(iii)

Debtor's monthly Plan payment to the Trustee is $300 with a proposed monthly payment to Secured Creditor of $50. Debtor's proposed monthly payment to Secured Creditor does not comply with 11 U.S.C. § 1325(a)(5)(B)(iii) since that monthly payment is not in equal installments and doesn't cover the monthly depreciation of the Vehicle, which serves as collateral for Secured Creditor's claim. Therefore, Debtor's Plan as proposed cannot be confirmed and Secured Creditor requests that the Plan be amended to provide it with a minimum monthly payment of at least $120 commencing with the first Plan payment. .

**THE PLAN CANNOT BE CONFIRMED BECAUSE IT IS NOT FEASIBLE AS REQUIRED BY 11 U.S.C. § 1325(a)(6)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that the Debtor's proposed schedule of plan payments is not feasible. Debtor's Plan calls for direct payments of $892.00 to Green Point Mortgage and $2,491.00 to GMAC Mortgage. Yet, Debtor's Schedule J – Expenses lists only the $892.00 monthly payment. A true and correct copy of Debtor's Schedule J – Expenses is attached hereto as <u>Exhibit C</u>. Debtor has provided no competent evidence as to how she will be able to make the mortgage payments and successfully prosecute a Plan. Absent additional competent evidence from the Debtor supporting their ability to make the mortgage payments and successfully prosecute a Plan, it does not appear that the Plan is feasible. Therefore, confirmation of Debtor's Plan should be denied because the Debtor will be unable to make all the plan payments and comply with the terms of the Plan as required by § 1325(a)(6).

**CONCLUSION:**

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan. Alternatively, Secured Creditor requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the full amount of $7,221.70;

2. The Debtor's Plan be amended to provide for Secured Creditor to receive at least 11.25% interest on its secured claim from the effective date of the Debtor's Plan;

3. The Debtor's Plan be amended to provide for Secured Creditor to receive monthly payments in the amount of at least $120, on account of its secured claim, from the effective date of the Debtor's Plan;

4. The Debtor's Plan not be confirmed until Debtor has provided competent evidence as to how Debtor will make the mortgage payments and successfully prosecute a Plan;

5. Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in protecting its security interest by objecting to the Debtor's proposed Plan; and

6. Secured Creditor be afforded such further relief as this Court deems necessary and proper.

DATED: December 8, 2006

SEVERSON & WERSON, P.C.

By: /s/ Katrina Stolc
Donald H. Cram, III / Katrina V. Stolc

Attorneys for WFS Financial, Inc.